FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA  01 FEB -6  AM 10: 11
SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

JOE CURLETTE, individually, and
as class representative of all others
similarly situated,

    PLAINTIFF,

vs.   CASE NO. CV 00-J-2989-S

AMERICA ONLINE, INC.,

    DEFENDANT.

ENTERED

FEB 6 2001

## MEMORANDUM OPINION

This cause comes before the court on the defendant's motion to dismiss and memorandum in support thereof (doc. 6) and the plaintiff's opposition thereto.

This action purports to assert claims on behalf of a class of individual plaintiffs who have been charged "sales tax" by AOL Shop Direct when making on line purchases through AOL Shop Direct. Complaint at ¶¶ 2, 5. Plaintiff asserts that the charged sales tax is illegal as the items purchased are shipped across state lines, exempting these sales from sales tax. Complaint at ¶ 6. The plaintiff complains of a $5.36 charge for this purpose. Complaint at ¶ 5.

This action was brought pursuant to diversity jurisdiction, 28 U.S.C. § 1332, alleging that the named plaintiff is a resident of Alabama and that the defendant is a Delaware corporation with its principal place of business in Virginia. Complaint at ¶ 1-2. The plaintiff further alleges that the amount in controversy exceeds $75,000.000, exclusive of interest and



costs. Complaint at ¶ 3. The sole cause of action stated in the complaint is for unjust enrichment and money had and received. Complaint at ¶¶ 19-21.

Section 28 U.S.C. § 1332 requires complete diversity between all parties and all defendants and that the controversy in question involve more than $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332 and 1441(b)("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought"); *see also Smith v. GTE Corp.,* 2001 WL 10395 (11th Cir. Jan. 4, 2001) at *4.

The Eleventh Circuit has examined the question of aggregation of claims in a class action for jurisdictional purposes as recently as last month. In *Smith v. GTE Corporation,* 2001 WL 10395 (Jan. 4, 2001), where neither party challenged federal court jurisdiction, the court still held that, because federal courts are powerless to act beyond the statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case and should itself raise the question of subject matter jurisdiction when a doubt about jurisdiction arises. *Id.* at *3; citing *Fitzgerald v. Seaboard Sys. R.R., Inc.,* 760 F.2d 1249, 1251 (11th Cir.1985) ("A federal court not only has the power but also the obligation ... to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises"); *Morrison v. Allstate Indemnity Co.,* 228 F.3d 1255, 1261 (11th Cir.2000) ("It is this latter requirement – an amount in controversy exceeding $75,000 – that poses the jurisdictional hurdle in this case. This is true even though the defendants do not dispute that this case involves the requisite amount in controversy for diversity jurisdiction").

2

This court notes from the face of the complaint the high improbability that diversity jurisdiction exists in this matter. The court finds that the complaint fails to assert any claim which could feasiblely meet the requirement for diversity actions that the amount in controversy exceed $75,000.00. The sole amount the plaintiff claims was improperly charged is $5.36.

The court notes that a claim for punitive damages is made. This court notes that at the rate of $5.36, the plaintiff would have to receive approximately 14,000 times his compensatory damages in punitive damages to reach the jurisdictional limit.[1] In *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.2000), the Court held that the case of *Lindsey v. Alabama Tel. Co.*, 576 F.2d 593 (5th Cir.1978) precluded the aggregation of punitive damages to establish diversity jurisdiction in a class action and that decision is to be followed not withstanding decisions otherwise. *See Smith*, 2001 WL 10395 at *4, *5 ("*Lindsey* establishes binding circuit law against aggregation of punitive damages for amount in controversy purposes"). Because of the bar against aggregation, given that the named plaintiff's claim should be fairly typical as class representative, with his complaint of an illegal sales tax charge of $5.36, each class member would have to recover over $74,000.00 in punitive damages. *See Smith*, 2001 WL 10395 at * 9.

Undisputedly, plaintiffs' individual claims for compensatory damages may not be aggregated either. *Morrison,* 228 F.3d at 1263. *See also Zahn v. International Paper Co.*, 414 U.S. 291, 295, 94 S.Ct. 505, 508, 38 L.Ed.2d 511 (1974); *Snyder v. Harris*, 394 U.S.

---

[1] $5.36 times 14,000 is $75,040.00.

3

332, 335, 89 S.Ct. 1053, 1056, 22 L.Ed.2d 319 (1969). If no single plaintiff's claim satisfies the requisite amount in controversy, there can be no diversity jurisdiction. *Morrison*, 228 F.3d at 1261.[2] This case clearly does not involve any theory of "single title or right" which would allow aggregation of the plaintiffs' claims under *Zahn*, 414 U.S. at 295, 94 S.Ct. at 508.

In response to the defendant's motion to dismiss, the plaintiff argues that the proposed class may aggregate its injunctive relief claims to meet the jurisdictional minimum requirement. This court notes at the outset that the plaintiff's complaint makes no specific request for injunctive relief. However, this court is willing to speculate that hidden within the one count complaint a request for an injunction could be lurking.[3] Even given that assumption, the court finds the plaintiff's attempt to claim aggregation of injunctive relief to satisfy the jurisdictional minimum still fails. "For amount in controversy purposes, the value of injunctive relief ... is 'the value of the object of the litigation' measured from the plaintiff's perspective." *Morrison*, 228 F.3d at 1268; citing *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.*, 120 F.3d 216, 218-20 (11th Cir. 1997). A plaintiff "who bases diversity jurisdiction on the value of the injunctive relief must show that the benefit to be obtained from the injunction is 'sufficiently

---

[2]The plaintiff cites *Morrison v. Allstate* for the proposition that a diversity suit should not be dismissed unless it is apparent to a legal certainty that the plaintiff cannot recover the requisite amount in controversy. 228 F.3d at 1268. The court in that case then stated "this liberal standard is not a license for conjecture." *Id.*

[3]Paragraph 16 of the complaint indirectly refers to injunctive relief.

4

measurable and certain to satisfy the ... amount in controversy requirement.'" *Morrison,* 228 F.3d at 1269, citing *Ericsson,* 120 F.3d at 221. The plaintiff here fails to mention any amount at all that the injunction would be worth, any means by which to calculate that worth, or any other basis for this court to determine that injunctive relief the plaintiff has not even requested in his complaint may feasibly be worth more than $75,000.000. This is the exact type of speculation in which this court may not engage.

In *Smith v. GTE Corporation,* the court found that the monetary value of the injunction to the plaintiffs was future lease charges that the plaintiffs could avoid. 2001 WL 10395 (11th Cir. 2001) at *14. Borrowing this evaluation, at most, the value of this injunction would be future "sale tax" charges that the plaintiffs could avoid. Clearly, for any class member this amount would be under $75,000.00. Assuming a claim for injunctive relief had been made, if aggregated, it could possibly satisfy the amount in controversy requirement. However, such aggregation depends on the rights asserted by the plaintiffs and not the type of relief sought. *See Smith,* 2001 WL 10395 at * 14; citing *Morrison,* 228 F.3d at 1271. Aggregation is permissible only when the multiple plaintiffs seek to "enforce a single title or right, in which they have a common and undivided interest." *Smith,* 2001 WL 10395 at *14, citing *Zahn,* 414 U.S. at 294, 94 S.Ct. at 508.

When an injunction protects rights that are separate and distinct among the plaintiffs, the value of the injunction may not be aggregated. *Morrison,* 228 F.3d at 1271. Had an injunction been requested in the facts before this court, the court finds the plaintiffs would each benefit to the extent of the amount of "sales" tax" each did not have to pay on future

5

sales. Clearly, this involves rights which are separate and distinct and hence not subject to aggregation for jurisdictional purposes.

In consideration of all of the foregoing, this court finds no basis for jurisdiction under 28 U.S.C. § 1332. Because this court finds that it lacks jurisdiction over this case, the court does not delve into the defendant's argument that forum selection clause contained in the "Terms of Use" requires him to bring this case in Virginia.[4] Defendant's memorandum at 8.

In consideration of the foregoing, it is **ORDERED** by the court that the plaintiff's complaint be and hereby is **DISMISSED WITHOUT PREJUDICE** for refiling in a more appropriate forum.

**DONE** this the ___6___ day of February, 2001.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

---

[4]However, the court notes with interest *Butler v. Beer Across America*, 83 F.Supp.2d 1261 (N.D.Ala.2000) where the court questioned whether personal jurisdiction may be properly asserted by a federal court sitting in diversity in Alabama over a nonresident defendant in an action arising solely from a sale made in another state solely in response to an order placed by an Alabama resident via the Internet. *Butler*, 83 F.Supp.2d at 1264. The court noted that in personam jurisdiction is improper when the nonresident defendant has established a passive Internet site which acts as little more than an electronic billboard for the posting of information. *Id.* at 1268, citing *Mink v. AAAA Development LLC*, 190 F.3d 333, 336 (5th Cir. 1999).